Good morning. The first case call for oral argument is in the Matter of James W. Counsel, whenever you're ready, you may proceed. Thank you. May it please the Court, Counsel. My name is Barbara Govan. I represent James W. in this appeal of his continued involuntary omission order. In this case, the trial court erred in entering this order for two main reasons. First, the order violates his due process rights because the state did not present any evidence that hospitalization was the least restrictive treatment setting for him. And secondly, the order for the continued involuntary omission failed to comply with the Mental Health and Developmental Disabilities Code because it did not contain a statement of facts. And further, I will address, this appeal satisfies two exceptions to the mootness doctrine. In this case, James W. is a 55-year-old with multiple omissions. And it should be noted, he has been at Chester since 2003 and continuously. I am verified he's still at Chester at this time. And we're not saying, I understand he's, we're not contesting the fact of the civil, he's had a, not the best past history, let's say. But at the November 20, 2008 bench trial, the state presented no evidence on whether hospitalization was the least restrictive appropriate setting for Mr. W., no testimony on whether other treatment settings were explored, no testimony on why these less restrictive settings were not appropriate, or if any other alternative treatment settings rejected Mr. W. Also, the order contained no findings of fact and were not in record. After the hearing, James wrote a letter to the court requesting an appeal. The first issue is the mootness issue. As you well know, the Supreme Court recently determined in Alfred H.H. that mental health appeals will usually fall within one of the established exceptions to the mootness doctrine. And basically, there's three main exceptions, public interest, case of voter petition, unit of blood and review, and collateral consequences. In this case, collateral consequences doesn't make sense because he's had a lengthy mental health history. But it does, this court should review this case under the public interest and capable of repetition yet avoiding review exceptions. The public interest exception applies because there's a due process issue of there was no clear and convincing evidence on the least restrictive setting. And also, there's a statutory issue about compliance with the order complied with the mental health code. And recently, post-Alfred H.H., this court has applied this public interest exception to up the mootness to mental health cases in Philip E., Michael H., Larry B., Joseph M., and Donrel S. And the second exception to mootness that applies in this case is capable of repetition. And the key element is that there's a reasonable expectation that the same complaining party will be subject to the same action. So there's a substantial likelihood that he will face this again. Because he's had a lengthy history, and the state admitted in the brief that Mr. Abducki was still hospitalized at Chester Mental Health Center, will surely be subject to more petitions for recommitment. Review of this order is key so that there follows in the future proper application of his due process rights. Also, in this case, so really the essential facts of this case satisfy this capable repetition exception to the mootness doctrine. And unlike in Alfred H.H., this client is still at the mental health facility, where in Alfred H.H. he was discharged shortly after the order was entered. And the key issues in this appeal is the state's ongoing course of conduct in attempting to keep individuals at Chester in disregard of the statutory and constitutional mandates. And, you know, if an order will help Chester, well, help guide this whole process and then conform more with the code and mandates of the mental health code. And just to update, I think Justice Stewart was here last month when we talked about the relative thing. I've contacted them. They didn't realize they needed to complete that section of the mental health code, and now they're changing that part of the petition. And just I know this is not in the briefs, but just for future guidance, I am actually going to draft questions for the state's attorney's office for them to question their own witness, which is kind of helping the other side, I know. But it's ensuring that due process rights will be ensured in future cases. So just to give you updating guidance on this. I mean, there is recently there were decisions where, you know, they had a history of waiting hearings, and they stopped doing that. And they stopped, and also I was able, and the orders now contain the findings of that. So they are reforming. Rome was not built in a day. And, you know, so the decisions in this case would contribute toward just refining their system so it's more compliant. Has your client had a subsequent petition filed on his behalf? Yes. And presumably is that okay? Well, he didn't file an appeal on that one. So I don't do that at the trial level, so I didn't get a chance to review it. But, yeah, so I verified. I mean, there was sufficient findings of fact made and reasons. Yeah. We can assume that the statute was complied with in the subsequent petition. Well, I can't assume it, but he didn't request an appeal. Okay. So I think he was satisfied with the level at that time. But, you know, sometimes I do transfer, you know, and I just wanted to verify he's still there. So the first argument is that the order violates his due process rights because the state failed to present any evidence that hospitalization was the least restrictive treatment setting. And when the Mental Health Code was last majorly revised in 1976, the Governor's Commission's goal, they did a report, was to ensure that all mentally disabled persons was given equal protection in the laws and that they were treated fairly, meaning mainly with the least possible restriction to their freedom. And so, you know, once the trial court determines that a respondent is subject to commitment, it must determine the response disposition, whether the least restrictive setting for the commitment, and that's Section 53811. And not only is this required by the Mental Health Code, but the Due Process Clause of the Constitution requires the court to order the least restrictive alternative for treatment which is appropriate. And there's two main reasons why. First, the state cannot infringe on the rights of the citizen except by the least drastic means possible. And also, as I looked at the back history of the Governor's Commission, this was a check on the warehousing of the mentally ill because there was a growth in doctrine that the least restrictive, it's a growing realization of the harmful impact of long-term hospitalization. And to meet this constitutional and statutory imperative, the state, therefore, must explore least restrictive alternatives and must produce evidence to support this as this court stated in Phillip E. So the court statement not merely applying that hospitalization is appropriate, they must produce evidence of what alternatives are available and why they're not suitable for the respondent. Here, the record was devoid of any evidence that they considered any of the alternative. And without such evidence, the trial court violated his right to due process or approved that hospitalization is the least restrictive setting for him. And, you know, especially he in this since he's been five years there. You know, it's not like the initial commitment. He's been there, you know, if there's nothing a term for warehousing, it's this gentleman who's been there five years. And further, the state argues that evidence was presented at the hearing that there was an attempt to transfer respond to a less restrictive facility. But a review of the transcript shows that evidence was the only testimony record was that there was some type of possibility getting him transferred to a different facility. But that was brought out in the public defender's case during cross-examination. It wasn't provided as any direct evidence. And also, there's no explanations why this other facility may have been and whether or not it was any less restrictive than Chester. So acceptance of the state's argument would contradict this court's precedent with regards to placement, as stated in Philippi. The second, and I'll make this short, is that the order for continued involuntary admission did not comply with the Mental Health Code because it failed to contain findings of fact. And strict compliance with the statutory requirements is compelling because of the liberty and the interest involved in this. And the code is very clear, it said shall. So it was mandated to do this. And basically, the state has argued, well, there was a waiver because the response attorney did not raise this either at the hearing or a motion to reconsider. But this court rejected counsel's exact arguments on this in James S. because it was a plain error in the record that they didn't comply. And also because involuntary mental health cases affect important liberty interests, the plain error rule can apply. Also, it considered that they have changed their order, and I would not like some backsliding on this. We've made progress on this. So to be frank, that's why the order should not be confirmed because it's an old order and not the new one that they have in practice now. Finally, the state has made an argument that the respondent did not file a valid notice of appeal. But other than the state, everyone involved in this case has deemed the handwritten request of the respondent as an adequate notice of appeal. Mr. Debbie filed a handwritten document, and his very first sentence says, this is an appeal of a decision made at 1126.08, docket number 2008MH234. So it's very clear that he wrote on the first sentence this is an appeal. The circuit court judge appointed guardianship and advocacy commission to represent Mr. W on appeal. The circuit court prepared and mailed the certificate of mailing notice and filing of the notice of appeal, so they consider it a notice of appeal. The state received notice of these proceedings from both the circuit court and the appellate court. They never objected and did not make a motion to dismiss the appeal. And, you know, a document prepared pro se is to be liberally construed and not to be held in strict compliance with the Supreme Court rules. When there is a deficiency, the appellate court still has jurisdiction if the notice fairly and accurately advises the appellee of the nature of the appeal and if the appellee is not prejudiced by the deficiency in the form. If the first sentence says this is an appeal of a decision and states the date of the order and the case number, actually that's pretty savvy for one like mine, just to be honest. But, you know, I think it's very detailed with this. And the purpose of the notice of appeal is to inform the prevailing party that his opponent seeks the review of the decision. And I think this was fulfilled by the document he submitted. So acceptance of the state's argument would contradict this established law allowing leniency for pro se filings. And it would put a higher burden toward a vulnerable population, especially mentally ill and appealing and enforcing their rights. And for these reasons, we argue that the court should reverse the order of the trial court. Does anyone have any questions? I know I went speedily through these arguments. I don't believe we do. Thank you. Okay. Thank you. Counsel? Good morning. Well, I have some good news for you. The court lacks jurisdiction in this case. We can move on to the next case. You going to leave your argument there? Well, I think I'll explain why we lack jurisdiction. Well, I mean, everyone agrees that under the Alfred H.H. decision, the mootness doctrine applies in mental health cases as in other cases. So you lack jurisdiction unless an established exception to the mootness doctrine applies. Now, there have been two exceptions suggested here by the appellant, and neither of them does apply. Now, the first is the public interest exception. Now, I'll concede. I mean, I don't really have to concede, but I will concede that if you're going to decide this with a published opinion, then the public interest exception would apply. But, you know, to me at least, this case has Rule 23 written all over it. And the public interest exception can't apply, as I see it, to a Rule 23 order, because a Rule 23 order is completely non-precedential and can have no legal effect on subsequent cases. So if this court decides in its wisdom that this case should be Rule 23, then the public interest exception can't apply because it only applies when there's a need for a definitive precedent resolving an important question of law. Now, the other exception that's been suggested that applies here is the capable of repetition yet evading review. Well, I will certainly concede that James W. is going to have many future encounters with the mental health court. I mean, he's a classic example of a person who is dangerous to himself and others. He's a registered sex offender. He has multiple convictions for crimes of violence. He was transferred to the Department of Human Services out of Dixon Correctional Center because he was considered to be too mentally disturbed to be released on parole. As of this case, he has 10 previous involuntary admissions to mental health institutions, more now. So he's going to have future encounters with the mental health court. But the evidence is going to be different, and the findings of the court are going to be different in any future cases. I mean, it's more or less agreed that the evidence is there that this person is mentally ill and dangerous to himself and others. The only question is whether that evidence was probably brought out at this specific hearing. There's no question that there is evidence that can be brought out at a hearing that this person is subject to involuntary admission. So we can't assume that this evidence isn't going to be presented at some future hearing. And, of course, because this person's condition will change, the evidence will change also. So the question of whether there was adequate evidence presented at this particular hearing is not one which is going to be encountered at any future hearing. And, again, the other issue involves the findings of the trial judge. My highly qualified opponent in this particular field has indicated that steps have already been taken to make sure that more specific findings are made in future mental health cases. But you can't assume that a judge in a future case is going to make the same kind of findings as in this case. You can't assume that the same issue will arise in a future case. And, of course, the issue of waiver and the issue of prejudice could be different in any future case. So it's not really... So the same issue is not going to occur in any future case concerning the findings of the trial judge. So no exception to the mootness doctrine applies. This case is moot. This court likes jurisdiction. Also, of course, as I've indicated, no valid notice of appeal was filed here. If you read Supreme Court Rule 303, the pro se document filed in this case violated every section of Rule 303. I mean, it's hard to violate every section of a multiple... a Supreme Court rule of multiple sections, but it was done here. Now... Did the state file a motion to dismiss the appeal at any point in time? No. So it's first raised in your brief? Correct. But, you know, since it's jurisdictional, I can raise it any time. Sure. And... But more important than that is the fact that this document wasn't intended to be a notice of appeal. It's a letter to the judge saying, please reconsider me for a transfer to someplace else. I mean, this guy belongs in Chester because, you know, people who are mentally ill are particularly subject to physical and sexual abuse, and putting this person in the general population of a less restrictive mental health center was obviously not indicated here. But that's what he wanted, a transfer out of Chester, and he asked the judge to order it. It's a motion to reconsider. You know, attorneys file in every case, except they didn't file here. Ironically, this pro se responded, did what his appointed attorney should have done. Now, I realize that the law says you should bend the law as much as you can for a pro se litigant, particularly an uneducated pro se litigant, but that's not what you have here. He wasn't pro se within the time for filing a valid notice of appeal. The Guardianship and Advocacy Commission was appointed 19 days after the ruling in this case. They had plenty of time to file a valid notice of appeal. They could have moved for an extension. In fact, they had 6 months to file a late valid notice of appeal. And, you know, the Guardianship and Advocacy Commission has a habit of raising legal technicalities and what's sauce for the goose is sauce for the gander. This wasn't a valid notice of appeal. It wasn't intended to be a notice of appeal. Its text indicates it's a motion to reconsider. The Guardianship and Advocacy Commission didn't bother to file a valid notice of appeal, so give the state a break on the technical issues since the other side gets it so often. Now, as to the substantive issues involved, we had specific expert testimony here that no less restrictive facility or no less restrictive placement was appropriate for this respondent. And as I've noted, if it's true for anyone, it's true for this guy. Specific expert testimony, in our view, is sufficient to satisfy that element of the people's case in a mental health proceeding. And there's a very good reason why specific expert testimony by itself would be enough to satisfy that requirement because there's a whole, you know, marked list, chopping list of things you have to prove in a mental health case, and many of them will be uncontested and informal. So, you know, one question and one answer should be enough to satisfy a completely uncontested and uncontradicted element of the people's case. It's like venue. I mean, in the days when you had to prove venue in a criminal case, and I was trying cases, I would say, did all this happen in Cook County? And the witness would say yes, and that was sufficient to supply our element of the case because no one contested that the crime happened in Cook County. Similarly here, in a mental health case, where there's a whole laundry list of things that the state has to prove, when some element is uncontradicted and not seriously questioned, then one answer from an expert witness should be sufficient to satisfy that element of the case. But we have more here than just the opinion of the expert witness. Here, there was testimony that the Department of Human Services had tried to transfer this person to a less restrictive facility, and it hadn't worked out. I mean, maybe it came out during cross-examination, but that's still evidence. The plan was to, if James W. was compliant with necessary psychotropic medication, to transfer him to a less restrictive facility. So they took him off Crush and Observe, where you actually watch the person consume the psychotropic medication, and he immediately started being violent and uncontrollable again, and the plan to transfer him to a less restrictive facility was canceled. Now, how can there be better evidence that a less restrictive facility than Chester was not appropriate? They tried it, and it didn't work. And remember, this isn't just a theoretical issue. I mean, it is because this case is moot, but it wasn't back then. Again, mentally ill people are particularly vulnerable to crimes of violence and sexual assault, and James W. is particularly prone to crimes of violence and sexual assault. So if he's transferred to a less restrictive facility, then you're lining up victims for him. Now, as to the findings of the trial judge in this case, given this respondent's record, they were sufficient to show why this person was subject to involuntary admission. But there was no objection to the trial judge's findings. The Guardianship and Advocacy Commission didn't file a motion to reconsider. Isn't the general rule that in a bench trial, it's not necessary to file a post-trial motion to preserve error? That is correct. So how do you waive error by not filing a post-trial motion? When you don't raise it during trial. It's the rule in civil cases, and indeed any kind of case that I know of, that if you want to raise an error on appeal, you have to raise it sometime. Unlike the criminal case, you don't necessarily waive something by failing to file a post-trial motion, but you do waive it by failing to raise it at any point. Now, what the Guardianship and Advocacy Commission should have done here is to do what James W. did, take his pro se motion to reconsider, go before the judge and say, we're planning to appeal this, so unless you want to reverse your decision, please tell us why you decided what you did. They didn't do it. Again, this is a pure, aside from the fact that this case was moved, this is a pure technicality, completely unrelated to substantial justice, and therefore, to me, completely ripe for application of the waiver rule. Having the trial judge make findings of fact in support of his decision to involuntarily commit a person is a pure technicality, is your argument. Not always, not always. Sometimes it's absolutely necessary to preserve issues for appeal. You see, here's why the Mental Health Code provides for it. That provision is in the section governing appeals from orders in mental health cases. Its obvious purpose is to enable the appellate court to review the reasons why this person was subject to involuntary admission. Sometimes that will be absolutely vital, because you want to know how the judge decided controverted factual issues in a case. Sometimes it's necessary for proper appellate review. Here it's not. The record clearly shows why this person was subject to involuntary admission. The alleged error is raised by a respondent. He was totally capable of raising them without more detailed findings. And indeed, the fact that there's no motion to reconsider this file shows that they didn't need more detailed findings in order to raise issues on appeal. I mean, we shouldn't be here, but we are here. And the lack of detailed findings has not impeded this appeal on a bid. For these reasons, we ask that this appeal be dismissed for wanted jurisdiction or on the alternative that the order for involuntary admission be affirmed. Thank you. Thank you, counsel. Counsel? Just a couple of points. Ms. Gobin, let me ask you about the notice of appeal. Was your office appointed in sufficient time to file an appropriate notice of appeal? To be honest, probably yes. But I didn't get a copy of his. This is the first time the state's ever raised an argument that the notice of appeal was improper. Well, is that something that you would examine to make sure that your jurisdiction is there? Well, I mean... Or should? I should. I mean, you know, and the thing is, his first line was, this is an appeal. I mean, it's pretty... As far as if you look at 303, it doesn't comply with 303, though, does it? I mean, the various things that are set out that are supposed to be in the notice of appeal aren't there. Right, but I don't see what prejudice was to the state by not... And I understand now that a practice is probably for me to resubmit a new notice of appeal after applying it. Mr. Sweeney does make a good point. You're holding their feet to the fire on these cases and you're doing a pretty good job of it. But I think there's also the issue, this is the state holding someone's liberty and, you know, here's a person just trying to appeal their order. Sure. You know, and I'm just being honest, it wasn't proper form, but it was clearly stating his intent to appeal that order. He put the date of the order, the case number, this is the appeal, that was the first sentence. It just went on about the FBI, but, you know, it was pretty clear. And just to be honest from now on, I'll review all the process. It's kind of the process we're in here, isn't it? Right. But I think the court should take more of a liberal stance toward, because there was really no prejudice toward the state on this, and this is the first time they've raised it was in the reply brief. They didn't file a motion to dismiss. And with regard to the issue of the capable repetition, exception to mootness, I can understand when they're saying, well, it's a fact-based appeal where, you know, he didn't reach the level of dangerousness or there wasn't enough evidence of suffering in a medication case, you know, a detail-oriented. But here the state did not ask any questions about one key element of the case, of why hospitalization was the least restrictive setting. The only question that was asked that could be in their kind of consideration in their case was, let's see. I apologize for the delay. I think the only question was, is it in your, oh, yeah. Okay, is it your recommendation that the court, that Mr. Williams be hospitalized for further treatment for 180 days? And the answer was yes. No. No evidence presented. And was that issue of, oh, well, did they, you know, go out to the level of clear and convincing or, you know, this was just no evidence and missing an element. And they've had a pattern and practice of doing this, so it's not just one isolated case of this. Also, the public interest exception to the mootness, I believe Rule 23, if this is in order, I think this exception still applies because it still guides the trial court, even though it's no precedential value. It tells them, hey, you did this wrong by not including this element in your case. So, and then I believe that's the majority of the arguments here. So, but from now on, I'll resubmit the notice of appeals when I get them. So sometimes Chester sends them to me, Randolph County. Sometimes they don't. They just appoint me. So, but we'll clarify that situation from now on. Thank you, Counsel. Okay. We appreciate the briefs and arguments from counsel. We take this case under advisement.